MARY WELLER v. BARTHOLOMEW McCORMICK.

1. In the absence of any statutory or municipal regulations to the contrary, a tree planted by a private person on the sidewalk of the street in front of his premises, belongs to and is under the control of the owner and occupant of the abutting property.

2. Under such circumstances, the owner and occupant of the property is bound to use reasonable care to prevent the tree from becoming dangerous to travelers upon the street, and every person, specially injured through a breach of that obligation, is entitled to a private action against the party in fault to recover compensation for the damages arising therefrom.

3. Under the circumstances stated, the owner and occupant of the abutting premises is chargeable with knowledge of his duty.

On writ of error to Middlesex Circuit.

Argued at February Term, 1890, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and REED.

For the plaintiff, *Charles T. Cowenhoven.*

For the defendant, *Alan H. Strong* and *Robert Adrain.*

The opinion of the court was delivered by

DIXON, J. When the above entitled cause was before this court at June Term, 1885, on a rule certified by the Middlesex Circuit, the Circuit was advised to set aside the verdict for the plaintiff, on the ground that nothing had been shown from which it could legally be inferred that there rested on the defendant any duty with regard to the shade tree, by the falling of whose branch the plaintiff was injured. The tree stood near the curb in one of the streets of New Brunswick, and it appeared that, since 1863, the city had had power to make ordinances and rules for directing and regulating the planting, rearing, trimming and preserving of ornamental shade trees in the streets, parks and grounds of the city. Whether the tree in question had been planted under this authority was not shown, but the only fact to connect the

defendant with it was that it stood in front of his property. Under these circumstances, we decided that the testimony gave no more support to an inference that the tree belonged to the defendant than it did to an inference that it belonged to the city, and that, therefore, the plaintiff had not adduced a preponderance of evidence to establish the liability of the defendant.

Upon a retrial at the Middlesex Circuit, in December, 1888, proof was made, or offered, that the tree was planted before 1855 by a former owner of the defendant's premises; that he and his successors in title, down to the defendant, had cared for the tree, and that the same title had passed to the defendant, in September, 1881, and remained in him until after the accident, which occurred January 21st, 1883; that the city of New Brunswick had adopted no rules or ordinances for the planting, rearing, trimming or preserving of trees in the streets, except an ordinance, passed after 1863, directing the position in which trees might thereafter be set out, and forbidding any person, except the owner, to cut down, destroy, break or in any manner injure trees or shrubs standing in any public street or highway.

Nevertheless the plaintiff was non-suited, in supposed compliance with the judgment of this court.

The facts presented at the second trial render the case essentially different from its former aspect.

It now appears that the tree was planted by a private person upon his own property, and, it is to be assumed, chiefly for his own ends. Although the public had the easements of a highway in this property, yet the planting of the tree was perfectly lawful. By devolution of title from the person who planted the tree, the defendant became its owner and acquired control of it. His right of control might indeed have been regulated by the municipal authorities, by virtue of the power delegated to them in the charter, since the public rights in the highway included the right to assume charge of trees standing therein. But up to the time of the accident, those authorities had imposed no restriction whatever upon the defendant, their

ordinance in terms excepting the owners of trees from its provisions. From the ownership and unlimited right of control thus possessed by the defendant, it must be concluded that he maintained the tree in the street, for his private purposes, and hence, as stated in our former opinion in this cause (18 *Vroom* 397), he was bound to exercise due care to prevent its becoming dangerous. This obligation is plainly deducible from the relative rights of the public and the abutting owner in the highway. The public right is paramount, and includes the right to have the street safe for travel. That of the abutting owner is subordinate to this public right. He may use the highway in front of his premises, when not restricted by positive enactment, for loading and unloading goods, for vaults and chutes, for awnings, for shade trees, &c., but only on condition that he does not unreasonably interfere with the safety of the highway for public travel. Any such interference, arising from a want of due care on his part, is unreasonable, and therefore to occasion such interference, by negligence in the exercise of his subordinate private rights, is a breach of public duty. This public duty, to exercise reasonable care, imposed on every person using the highway for such private ends as will endanger the highway if negligence take place, exists for the benefit of individual travelers, and hence, when an individual sustains peculiar personal injury as the result of such negligence, a private action accrues to him against the person in default. For it is a general principle, that where there rests upon any person a public duty, either arising at common law or created by statute, and that duty is due to the public, considered as composed of individuals, and for their protection, each person, specially injured by a breach of the obligation, is entitled to a private action to recover compensation for his damage. *Couch* v. *Steel,* 3 *El. & B.* 402; *Atkinson* v. *Newcastle Water Works Co.,* 2 *Exch. Div.* 440; *Hayes* v. *Michigan Central R. R. Co.,* 111 *U. S.* 228; *Van Winkle* v. *American Steam Boiler Ins. Co., ante, p.* 240 (19 *Atl. Rep.* 472).

But it is said that there was no evidence of notice to the defendant that the tree had been planted and maintained by his predecessors in title, and therefore he was not bound to take care of it, as he would have been had he known it was his property. It appeared, however, that he was in actual occupation as owner of the premises abutting upon the street where the tree stood, and his title and possession presumably extended to the middle of the street, subject only to the public rights. *Winter* v. *Peterson,* 4 *Zab.* 524; *Salter* v. *Jonas,* 10 *Vroom* 469. As he had no notice that the public claimed to own or to exercise any control over the tree, and as in fact no attempt was ever made to set up such a public right, the defendant was chargeable with knowledge of his exclusive proprietorship and of the duties which it entailed.

Whether the defendant did in fact take proper care of the tree, is not now to be decided. The evidence tended to show that the limb which fell, and part of the trunk, were rotten, and two witnesses swore to having observed that the limb was dead some time before the accident. As the defendant had been in possession of the premises through one season of foliage and part of another, this testimony would warrant the submission to the jury of the question of negligence.

The judgment of non-suit should be set aside.