Medeiros v. Honomu Sugar Co., 21 Haw. 155.

# JOHN CARLOS MEDEIROS v. HONOMU SUGAR COMPANY, AN HAWAIIAN CORPORATION.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MAY 20, 1912.                    DECIDED MAY 31, 1912.

### ROBERTSON, C. J. PERRY AND DE BOLT, JJ.

NEGLIGENCE—*defective condition of tree near highway—duty of owner.*
The owner of land on which he permits a tree to remain near the public highway is under a legal obligation to take reasonable care that it shall not fall into the highway and injure persons lawfully there. Though the defective condition of the tree was the result of natural causes, still, if such defect was known, or by the exercise of ordinary care could have been known, by the owner, it was the duty of the owner to exercise reasonable care and diligence to prevent the tree from falling and thereby injuring those who might have occasion to use the public highway.

### OPINION OF THE COURT BY DE BOLT, J.

The plaintiff filed his declaration in the circuit court of the first circuit seeking to recover from the defendant the sum of $25,415 as damages for personal injuries alleged to have been sustained by him as the result of the negligence of the defendant. The jury rendered a verdict in favor of the plaintiff, assessing the damages at the sum of seven thousand dollars. The defendant excepted to the verdict "as being contrary to the law and the evidence and the weight of the evidence," and thereafter moved for a new trial. The motion for a new trial was denied, to which ruling the defendant also excepted. It is upon these exceptions that the case comes before us for consideration.

The material facts alleged in the declaration, so far as they are essential to a correct understanding of the case, are substantially as follows: That the defendant owns and operates a sugar plantation at Honomu, on the Island of Hawaii, running along one side of which, is a public highway; that on the land so owned and used by the defendant, and within a short dis-

tance from said public highway, the defendant, on December 7, 1910, and for a long time prior thereto, "negligently and carelessly allowed and permitted to be, remain, and grow thereon, a certain tree of great height and dimensions, which was dangerous, unstable, insecure and unsafe to persons and vehicles traveling over and upon said public highway;" that on the date mentioned the plaintiff was driving four horses attached to a hearse upon said public highway and when he reached a point opposite the tree it suddenly fell and crashed down upon him, breaking both of his legs, the result of the injury being such, that his right leg was necessarily amputated and his left leg was "permanently shortened, deformed and crippled."

There was no dispute in the court below, nor is there any here, as to the seriousness of the plaintiff's injuries, nor that the injuries were caused by the falling of the tree. The chief question before the jury, as disclosed by the record now before us, was, whether the plaintiff's injuries were the result of the negligence of the defendant. The jury by its verdict answered this question in the affirmative. The question thus presented for our determination is, whether there was sufficient evidence to support the verdict.

The contention of the plaintiff is, that the tree in question was obviously in a dangerous condition, which condition was known, or by the exercise of ordinary care, could have been known, by the defendant, and that the defendant was negligent in permitting it to remain near the public highway over which he, together with the general public, was obliged to travel. Upon this theory of the case the plaintiff adduced evidence tending to show that the tree was from forty to fifty feet in height and about two feet in diameter; that it was an old eucalyptus tree and was standing about twenty-two feet from the highway in question; that it was leaning a little towards the highway; that it was "kind of rotten" and some of the foliage was dry; that some of the roots were exposed;

that there was a hollow under the trunk of the tree; that there was also a hollow in the tree itself; that it was growing in a clay soil; that trees are not so firmly rooted in clay soil as in other soils; that the ground where the tree was standing was a little higher than the highway and sloped towards the highway; that the dangerous condition of the tree was obvious; that the annual rain fall in that locality is about 160 inches; that during the week preceding the falling of the tree it had been raining more than usual, although at that season of the year more rain falls than at other times; that the ground was damp and soft; that the wind on the day in question was not blowing very hard; that trees, owing to the weather conditions prevailing in that locality, do fall occasionally; that the tree fell diagonally across the road, one of the large limbs striking the plaintiff as he sat on the hearse driving.

With regard to the defective condition of the tree, which the plaintiff sought to establish by certain witnesses who claimed that they were familiar with it prior to the day on which it fell, but did not see it thereafter, counsel for the defendant contends that it does not appear that the tree, concerning which the witnesses so testified, was the tree which fell. We are satisfied, however, after a careful reading of the record, that if the testimony of the witnesses was believed by the jury, and that it was so believed must be conceded, it was sufficient to identify the tree.

The evidence adduced on behalf of the defendant as to the size, age and location of the tree, as well as to the rain fall and condition of the ground in that locality, was practically the same as that of the plaintiff; but as to the condition of the tree and other material facts, the evidence of the parties was in direct conflict. The defendant's evidence tended to show that the tree was in a sound and healthy condition; that it did not lean in any direction, but stood upright; that the roots were not exposed, and the tree, apparently, was firmly rooted, safe and secure; that there was no apparent danger of it falling.

Counsel for the defendant urges that there is not more than a scintilla of evidence of negligence, and that the verdict is contrary to the evidence, and that, therefore, the exceptions should be sustained. In our view of the case, however, as presented by the evidence on behalf of the respective parties and submitted to the jury under the instructions of the court, it was one clearly and exclusively within the province of the jury to determine; and there being evidence—more than a scintilla —to sustain the verdict, and the record being free from legal objection, the finding of the jury is conclusive. We cannot disturb it.

The defendant also urges, as a defense, that the falling of the tree and the consequent injury to the plaintiff was the "act of God," or an "inevitable accident." In the view we take of the case the plaintiff's injuries were not the result of the "act of God," nor were they the result of an "inevitable accident." We take it that counsel has used the term, "inevitable accident," as the equivalent of the term, "act of God." 1 Am. & Eng. Ency. Law (2d ed.), 587, 588.

"The expression, 'act of God,' is held to exclude all idea of human agency. When the effect, the cause of which is to be considered, is found to be in part the result of the participation of man, whether it be from active intervention, or neglect, or failure to act, the whole occurrence is thereby humanized, as it were, and removed from the operation of the rules applicable to acts of God." Id. 587, note 1; 1 Cyc. 758, note 8.

Although the defective and dangerous condition of the tree in question (which condition is necessarily implied by the verdict of the jury), was the result of natural causes, still, if such defective and dangerous condition was known, or by the exercise of ordinary care, could have been known by defendant, then it became the duty of the defendant to exercise reasonable care and diligence to prevent the tree from falling and injuring those who might have occasion to use the public highway; and the defendant failing to perform this duty, and as a result of

such failure the tree fell and injured the plaintiff, the defendant was chargeable with negligence and thereupon became liable to the plaintiff in damages for the injuries so received.

Viewing the entire record before us, including the verdict of the jury and all that it necessarily implies, it is obvious, that all the essential elements of negligence are present: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) the failure of the defendant to perform that duty; and (3) injury to the plaintiff from such failure of duty on the part of the defendant. 29 Cyc. 419, 420.

"The owner of a building or other structure abutting on a street or highway is under a legal obligation to take reasonable care that it shall not fall into the street or highway and injure persons lawfully there." Id. 468.

The duty which the owner of a building or other structure abutting on a street, or other public highway, owes to the public and the duty of the owner of land on which he permits a tree to remain near the public highway, are the same in principle. The principle thus invoked by the plaintiff is a familiar one and of wide application in the law of negligence.

The exceptions are overruled.

*E. A. Douthitt* (*Douthitt & Coke* on the brief) for plaintiff.

*M. F. Prosser* (*Kinney, Prosser, Anderson & Marx* on the brief) for defendant.