## CHAMBERS v. WHELEN et al.
### RICHARDS v. SAME.
#### Nos. 2988, 2989.

Circuit Court of Appeals, Fourth Circuit.

Oct. 24, 1930.

H. F. Porterfield, of Bluefield, W. Va. (W. V. Ross and Russell S. Ritz, both of Bluefield, W. Va., on the brief), for appellants.

George W. Howard, of Welch, W. Va., and George E. Price, of Charleston, W. Va., for appellees.

Before PARKER, Circuit Judge, and GRONER and SOPER, District Judges.

PARKER, Circuit Judge.

These two cases involve the same point and the appeals were heard together. The record in No. 2988 only was printed, and it was agreed that the decision in that case should control the disposition of No. 2989. In this opinion, therefore, reference is made to the record in No. 2988.

The appeal in No. 2988 was taken in an action at law instituted in the court below by a person who was injured, while traveling along a public highway, by the falling of a dead tree which had been standing upon the land of defendants. The trial court sustained a demurrer to the declaration and entered judgment dismissing the action; and plaintiff appealed.

The declaration states that the tree was situate on a large tract of land owned by defendants in McDowell and Wyoming counties, W. Va.; that it stood about two miles from the town of Welch within twenty feet of a public highway; that it was approximately seven feet in circumference at the base and approximately forty feet in height; that it had been dead for ten years or more; that it was rotten and decayed to the extent that a

large portion had sloughed off, leaving it hollow with a large opening in the trunk; and that defendant knew, or in the exercise of reasonable care could have known, of its condition. It alleges that, while plaintiff was traveling along the highway in an automobile, the tree fell and inflicted serious injuries upon him. The demurrer challenged the sufficiency of the declaration, in that it did not set forth facts showing the breach of any legal duty owing by defendants.

When the declaration is considered in the light of the rule that its language is to be construed most strongly against the pleader, the allegation that the defendants knew, or in the exercise of reasonable care could have known, of the condition of the tree, is no more than an allegation of failure to inspect. It is good not as an allegation of knowledge, but merely as one that the dangerous condition of the tree was discoverable by the exercise of due care, i. e., by reasonable inspection. Ruocco v. United Advertising Corporation, 98 Conn. 241, 119 A. 48, 30 A. L. R. 1237; Laudeman v. Russell, 46 Ind. App. 32, 91 N. E. 822. The tree stood on a country road two miles distant from a small town, and there is no allegation that there was any dwelling in the vicinity. Hence the question presented is whether the owner of land in a rural section is charged with the duty of keeping himself informed as to the condition of trees growing on his property alongside the public road, so that failure to perform this duty constitutes actionable negligence.

It will be noted that the question is not as to the liability of a city or suburban dweller who plants or maintains trees within or overhanging a highway. Nor is it as to the liability of one who, with knowledge of the dangerous condition of a tree, maintains it on his property when it is liable to fall and injure the property of adjoining owners or persons passing in a public street or highway. Nor does it involve the duty or liability of one who erects an artificial structure near a highway. In all of these cases the greater probability of injury to the person or property of others imposes a higher degree of care upon the owner of the tree or structure. The question here is the narrow one as to whether it is the duty of the owner to inspect trees growing naturally upon rural lands, for the purpose of determining whether, through natural processes of decay, they have become dangerous by reason of their proximity to a highway. The question while narrow is important; for, if the duty be held to exist, it will impose a new and unusual burden upon the owners of forest lands which, so far as we are advised, with the possible exception of the case from Hawaii to which we shall refer, and a case from Quebec, has never before been urged or recognized. Furthermore, if the duty be held to exist with regard to trees, it must exist also with regard to other natural objects which may endanger travelers along the public highways, such as rocks, cliffs, and boulders, the inspection and removal of which in a mountainous country would impose an intolerable burden upon the landowner.

We do not think, however, that such duty exists. We know of no custom on the part of the owners of rural lands to inspect the trees thereon, and there is no suggestion in the record or from counsel that there is such custom. There is no statute or rule of the common law to that effect, and the only other ground upon which the duty of inspection could be held to rest would be the danger to the public which might result from failure to inspect. This danger, in the case of rural lands upon a country road, is, to say the most, a very remote one; and in view of the burden which the requirement of inspection would impose, it is too remote, we think, to justify a holding that the landowner is charged with such a duty.

While the fact that a duty is imposed upon public officials to maintain the safety of a street or highway does not necessarily absolve an abutting owner from duty with respect thereto, it is at least worthy of note that the Legislature of West Virginia has imposed upon the highway officials of that state the duty of removing all dead timber standing within fifty feet of a highway (Barnes West Virginia Code, c. 43, §§ 21, 71, and 122), and that no such duty is imposed upon the landowner. On the contrary, the only statutory provision affecting the landowner in such matters is section 187 of chapter 43 of the Code, which makes it a misdemeanor to "kill a tree and leave it standing within a distance of fifty feet of any public road," a provision which imposes liability, criminal as well as civil, where the death of the tree is due to the act of the landowner, but has no application where it has died as a result of natural causes. In the early days of the Republic, the mere suggestion that it was the duty of a landowner to inspect trees on rural lands would have excited ridicule. Subsequent legislation in West Virginia has placed the duty, not on the landowner, but on those whose duty it is to maintain the safety of the highways.

This statutory policy touches, we think, the real heart of the question. The inspection and removal of trees standing near a highway is, in substance, not a matter affecting the use of the abutting property, but a matter affecting the safety of the road. While, of course, it is the duty of abutting owners not to create or maintain upon their premises what may be a source of danger to travelers on the highway, it is the duty of the highway officials, and not the duty of abutting owners, to make the highway safe for the use of the public; and the duty of inspection would seem to rest upon those whose duty it is to make the highway safe. It is hardly thinkable that by building a country highway through the lands of a private owner, the public should impose upon him the duty of inspecting trees or other objects for the purpose of making the highway safe.

We have carefully examined the case of Medeiros v. Honomu Sugar Company, 21 Hawaii, 155, which is the only case we have been able to find directly sustaining the position of appellant; but we are not impressed with the reasoning upon which that decision is based. No authorities are cited which sustain it; and the liability of the landowner is said to rest upon the same principle as that of the owner of a building or other structure abutting on a street. We think, however, that the distinction is obvious. In the case of a building, the owner is charged with responsibility with respect to it not merely because he is the owner, but also because he knows that it is an artificial structure, which, unless properly maintained, will become a source of danger to the public, and because he knows also that no one has any right to remove or repair it but himself. The same principles would seem to apply in the case of city or suburban property where the occupant maintains trees under his immediate personal notice, as to which, however, there has been some conflict in the authorities. See Weller v. McCormick, 52 N. J. Law, 470, 19 A. 1101, 8 L. R. A. 798; Hewison v. City of New Haven, 37 Conn. 475, 9 Am. Rep. 342; Zacharias v. Nesbitt, 150 Minn. 369, 185 N. W. 295, 19 A. L. R. 1016, 1019; Brown v. Milwaukee Term. Ry. Co., 199 Wis. 575, 224 N. W. 748, 227 N. W. 385.

Trees on rural lands bordering on a country road, however, are in a different category. Not only do they partake of the character of the land itself, but there is no reason to apprehend danger from any of them except from such as the road authorities are authorized and required by law to destroy.

The removal of such as may become dangerous through decay is not a matter of interference with private property, as in the case of removal of a building or of an ornamental shade tree, but is a mere matter of maintaining the safety of the highway, a duty imposed by law upon the road officials, which the owner of the property has a right to assume that they have performed. To hold, in such case, that the duty of inspection exists, would be to charge the owner with responsibility for dangers arising from the natural condition of the country through which the road runs. Is the owner of mountain land to be held liable for failure to inspect because a boulder rolls from his land on the mountain side to the highway, or because there has been a landslide, or because water flowing in natural course from his land has frozen upon the highway? If not, we see no ground upon which liability in a case such as this can be imposed.

The judgments sustaining the demurrers to the declaration are correct, and the same will accordingly be affirmed.

Affirmed.