## BRANDYWINE HUNDRED REALTY CO. v. COTILLO.

### No. 4582.

Circuit Court of Appeals, Third Circuit.
Dec. 24, 1931.

Rehearing Denied Jan. 25, 1932.

Charles F. Curley, of Wilmington, Del., for appellant.

P. Warren Green, of Wilmington, Del., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

The facts in this case are few and undisputed; the question involved narrow. Shortly before midnight on January 19, 1929, the plaintiff was driving his automobile on one of the principal through roads of Delaware, on which a tract of suburban forest abutted, about two miles north of Wilmington, Del. This land had been owned by the defendant company, and on defendant's said land, located about ten feet from the road, stood a chestnut tree. The tree had been dead for four years, but, beyond its deadness, bore no exterior evidence of decay. As the plaintiff passed, a wind of no unusual violence blew the tree down. It struck the automobile, damaged it, injured the plaintiff, and killed his companion. Thereafter the plaintiff brought this suit, and on the trial the court refused defendant's prayer to give binding instructions in its favor, and submitted the case to the jury in a charge to which no objection was made or exception taken. The jury having found for plaintiff and judgment being entered thereon, defendant took this appeal, and the question involved is whether the trial judge should have given binding instructions for the defendant.

We gain little, if any, help from the many cases where the liability of abutting property owners to those using a street or highway are considered, for each case depends on its own particular facts, which are not the facts in the present case. After all is said and done, this case turns on the application of the time honored principle of law, "sic utere tuo ut alienum non laedas"—so use your own as not to injure another. Of the right of the plaintiff to drive along the public road there can be no question. And of the duty of an abutting landowner to so use his property on his own land that it shall not cumber the highway and endanger the safety of those using it there would seem to be no doubt. Responsibility for the control of one's property is one of the burdens of ownership, and, as a landowner has the right to enjoy his property unhampered by the actions of his abutting neighbor, so his abutter, whether the abutter be a neighbor or the traveler using a highway, is entitled to the same immunity. This general principle was clearly stated by the court in its charge, as follows: "It is a general proposition of law that the owner of property abutting on a public highway is under a duty to keep it from being a source of danger to the public or to the travelers on such highway, to the extent that reasonable care on his part can guard against."

It further charged: "The condition of the tree in question was the result of natural causes; still, if such condition was known or by the exercise of ordinary care could have been known by the defendant, then it became the duty of the defendant to exercise reasonable care and diligence to prevent the tree from falling and injuring those who might have occasion to use the public highway."

After due consideration, we are of opinion the question of alleged negligence of the defendant was involved in the case and was for the jury to pass upon. Finding no error, the judgment below is affirmed.

### Sur Petition for Rehearing.

#### PER CURIAM.

The refusal by the court below of the defendant's prayer to take the case from the jury was excepted to and necessitated a determination by this court of the facts, the law applicable to the case, and of the plaintiff's right to recover. In deciding that ba-

sic and all controlling exception, this court carefully considered and passed on the facts, the authorities cited, and the argument of counsel. Having done so, and adhering to the conclusion then reached, namely, that the court was not in error in denying defendant's request for binding instructions, the request for a rehearing is denied.