**Lloyd R. TURNER, Appellant,**

v.

**Robert A. RIDLEY, Appellee.**

No. 2182.

Municipal Court of Appeals for the
District of Columbia.

Argued May 19, 1958.

Decided Aug. 22, 1958.

Joseph H. Schneider, Washington, D. C., for appellant.

Lawrence E. Carr, Jr., Washington, D. C., with whom Michael F. X. Dolan, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal concerns the liability of a land owner for damage caused when a tree on his land fell across the abutting public sidewalk and struck an automobile parked at the curb.

Appellant owns a house facing a public street on which automobiles are regularly parked. In the small front yard and adjacent to the sidewalk stood a tree of considerable size. Apparently it was the only tree in the yard. On the evening of September 16, 1957, one Reid, a friend of appellee, parked appellee's automobile at the curb in front of appellant's house. Early the next morning the tree toppled and fell across the sidewalk, striking and damaging appellee's automobile to the extent of several hundred dollars.

At the time the tree fell there was no wind of sufficient force to cause its fall. Reid, who lived in the neighborhood, testified that prior to its fall the tree "was rotten and looked like it was dead and had very few leaves on it," and on the night before it fell he had remarked to a friend "that tree looks like it is going to fall some day." The tree in falling broke off even with the ground, and then it was observed that the tree was hollow and badly decayed with "literally thousands of bees inside the trunk."

Appellant offered no evidence but, when called as a witness by appellee, testified he was the owner of the property, that he had purchased it through an agent at foreclosure sale in the latter part of August 1957, that the property had been vacant since he purchased it, that he had never seen the property or the tree, and that he had no notice or knowledge that the tree was in a dangerous or rotten condition. The trial court, sitting without a jury, awarded judgment to appellee for the damages he sustained, and this appeal questions the correctness of such judgment.

The cases on the subject are not numerous and are not entirely in accord,[1] but we think the better rule is that expressed in Hay v. Norwalk Lodge No. 730, B. P. O. E., 92 Ohio App. 14, 109 N.E.2d 481, 486, where it was said:

"* * * an owner having knowledge of a patently defective condition of a tree which may result in injury to a traveler on a highway must exercise reasonable care to prevent harm from the falling of such tree or its branches on a person lawfully using the highway"

In Brandywine Hundred Realty Co. v. Cotillo, 3 Cir., 55 F.2d 231, certiorari denied 285 U.S. 555, 52 S.Ct. 411, 76 L.Ed. 944, the court approved the following jury instruction:

"The condition of the tree in question was the result of natural causes; still, if such condition was known or by the exercise of ordinary care could have been known by the defendant, then it became the duty of the defendant to exercise reasonable care and diligence to prevent the tree from falling and

1. Most of the cases will be found in the annotation in 11 A.L.R.2d 626.

injuring those who might have occasion to use the public highway."[2]

The above two cases dealt with personal injuries to travelers on the highway, but we perceive no distinction in principle between the case of personal injury to one lawfully traveling on a highway and the case of property damage to a vehicle lawfully parked on the highway.

Turning to the case before us we hold that the evidence justified a finding that the tree was in a patently defective condition and that its fall and consequent damage to the parked automobile was a foreseeable result. The more difficult question is whether appellant was properly chargeable with notice of such a condition and whether with such notice he failed to use reasonable care to prevent the result. According to his testimony he had owned the property about three weeks (from the latter part of August until September 17) before the tree fell, but had never examined the property or seen the tree. His agent, who bought the property for him, did not testify, and there is no evidence of the agent's knowledge or lack of knowledge of the condition; and there is no evidence explaining appellant's failure to visit or examine the property after he had bought it. A three-week period is no great length of time, but we cannot rule that such period was legally insufficient time for appellant to look over his property and observe the condition of the tree and take steps to prevent its fall. We think the evidence presented a factual question as to notice and lack of care.

Appellant argues that appellee should be denied recovery because Reid, to whom appellee had entrusted his automobile, had observed the condition of the tree and on the very day he parked the automobile had remarked that the tree "looks like it is going to fall some day." This, appellant argues, establishes as a matter of law either

contributory negligence or assumption of risk. Under the circumstances of this case we hold that the questions of contributory negligence and assumption of risk, as in most cases, were questions of fact.

Affirmed.

---

2. The rule thus stated has been held inapplicable to the owner of rural lands.

Chambers v. Whelen, 4 Cir., 44 F.2d 340, 72 A.L.R. 611.