**Dewey J. O'BRIEN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 9266.**

United States District Court
D. Oregon.

Sept. 30, 1958.

E. B. Sahlstrom, Eugene, Or., for plaintiff.

C. E. Luckey, U. S. Atty., Portland, Or., for defendant.

SOLOMON, Judge.

Plaintiff filed an action against the United States pursuant to the provisions of the Federal Tort Claims Act, 28 U. S.C.A. § 1346(b), for injuries he received when a tree in the Willamette National Forest broke, fell across the adjacent highway and struck the vehicle in which plaintiff was riding.

The Willamette National Forest contains more than 1,600,000 acres of forest lands in their natural state and is located in Western Oregon. There are approximately 19,200,000 acres of land in Western Oregon, of which 82 per cent, or approximately 15,600,000 acres, consist of commercial and non-commercial forest lands. Practically all of these lands are commercial forests, and ownership thereof is about equally divided between the United States and private persons.

Just before its fall, the tree was on a hill about 84 feet upward and 112 feet from the center line of the road. It was dead and apparently had been dead for some time. Although Forest Service employees obviously knew that trees were on this tract and that some of them were dead, they did not know of the existence

or condition of this particular one. A dead tree is not necessarily a dangerous tree.

The tree fell across the Old Willamette Highway at a point approximately 40 miles from Eugene, Oregon, the county seat of Lane County. In recent years, this highway has had little traffic because the new Willamette Highway 58 provides a more direct route for traffic between Eugene and Oakridge.

The State of Oregon maintains hundreds of miles of public highways which run through rural forest lands. Under various agreements between the State of Oregon and the Federal Government, the Oregon State Highway Department has assumed responsibility for the maintenance of the Old Willamette Highway. Its employees have made periodic inspections of the timberland adjoining the highway, and upon request have received permission from the United States Forest Service to cut particular trees deemed to be potential sources of danger.

Under the Federal Tort Claims Act, the United States is liable for damages

"for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S. C.A. § 1346(b).

■ Plaintiff contends that the United States as a property owner was negligent in failing to make periodic inspections of its forest lands in order to discover potential dangers to the traveling public. Whether such failure constitutes negligence must be decided in accordance with Oregon law. Olson v. United States, 4 Cir., 1949, 175 F.2d 510.

There are no Oregon cases in point. Plaintiff has asked us to find that Oregon will adopt the rule laid down in the following cases in which recovery was permitted: Brandywine Hundred Realty Co. v. Cotillo, 3 Cir., 1931, 55 F.2d 231; Brown v. Harrison, (C.A. Eng.1947) 177 L.T.R.(N.S.) 281, and Hay v. Norwalk Lodge No. 730 B.P.O.E., 1951, 92 Ohio App. 14, 109 N.E.2d 481. In the Brandywine case, plaintiff was driving on one of the principal through roads of Delaware, about two miles north of Wilmington, when a chestnut tree located on defendant's land, about 10 feet from the road, broke and fell on plaintiff's automobile. In Brown v. Harrison, plaintiff was injured when traveling on the highway from Knowle to Warwick, England, when a chestnut tree in an obvious state of decay, 18 feet from the highway, broke. In Hay v. Norwalk Lodge No. 730 B.P.O.E., plaintiff's decedent was killed when limbs from a tree located on defendants' property fell on the highway. The complaint alleged that large limbs from the tree extended over and above the traveled portion of New State Road; that several years prior to the accident the tree had been struck by lightning and had been extensively weakened and damaged. It further alleged that although defendants had knowledge of these facts, they had failed either to remove the tree or to brace and secure it, and had failed to give notice of such defect to the traveling public. The Supreme Court of Ohio held that the complaint stated a cause of action.

In all of these cases the tree which fell was either in or within a few feet of a highway and was located in well-populated areas. Not one was from forest lands in their natural state or from an area in which there were many such lands.

The Hay case is distinguishable on the additional ground that the complaint alleged actual notice of the defective condition. The court, after an extensive examination of the authorities, " * * * concluded that, although there is no duty imposed upon the owner of property abutting a rural highway to inspect growing trees adjacent thereto to ascertain defects which may result in injury to a traveler on the highway, an owner

having knowledge of a patently defective condition of a tree which may result in injury to a traveler on a highway must exercise reasonable care to prevent harm from the falling of such tree or its branches on a person lawfully using the highway." 109 N.E.2d 481, 486. Because of its reliance on actual notice, the Ohio court does not adhere to the rule laid down in either Brandywine Hundred Realty Co. v. Cotillo or Brown v. Harrison, but is actually aligned with the courts which follow the opposite rule.

The leading case which holds there is no duty to inspect is Chambers v. Whelen, 4 Cir., 1930, 44 F.2d 340, 341, 72 A.L.R. 611. In that case the tree which fell was situated 20 feet from a public highway in a large tract two miles from Welch, West Virginia. There were no dwelling houses in the vicinity. The question presented was "whether the owner of land in a rural section is charged with the duty of keeping himself informed as to the condition of trees growing on his property alongside the public road, so that failure to perform this duty constitutes actionable negligence."

The late Judge John J. Parker, speaking for the court, held that there was no such duty for the reason that the danger to travelers is a remote one and the imposition of a duty to inspect would be an intolerable burden on the land owner.

He also came to the conclusion that "[t]he inspection and removal of trees standing near a highway is, in substance, not a matter affecting the use of the abutting property, but a matter affecting the safety of the road. * * * and the duty of inspection would seem to rest upon those whose duty it is to make the highway safe." See also Zacharias v. Nesbitt, 150 Minn. 369, 185 N.W. 295, 19 A.L.R. 1016, and Patterson v. Canadian Robert Dollar Company Ltd., (1928) 41 B.C. 123.

The economy of Oregon is largely dependent upon the lumber industry. Millions of acres of land in Oregon are in natural forests. It is unthinkable that the Oregon courts would impose upon the owners of forest lands, adjacent to little-used roads in sparsely-settled areas, the duty to inspect and remove trees which are likely to fall because of natural decay.

In this case the location of the tree which fell, the absence of knowledge of its existence or condition, and the assumption of responsibility by the Oregon State Highway Department for the condition of the roads all require a judgment in favor of the Government.