822

A. Joe Asher, Benton, Tom Garrett, Paducah, for appellant.

Lovett, Lovett & Lovett, Benton, for appellee.

CULLEN, Commissioner.

A gravel road runs from the main highway through the lands of Java Edwards to an area on the shores of Kentucky Lake occupied by a number of summer camps or cabins. On an evening in July, during a rainstorm, Mrs. Bess Lemon was driving her automobile along this road, from her family's cabin toward the main highway, when a large tree on Edwards' land fell across the top of the automobile, crushing it and causing serious injuries to Mrs. Lemon. She sued Edwards for damages, alleging that the tree had been dead for several years and that Edwards was negligent in not having removed it. At the conclusion of her evidence the court directed a verdict for the defendant. She appeals, maintaining that the evidence was sufficient to present a jury question as to negligence.

The ground stated by the trial court for directing the verdict was that Edwards could not be liable unless the road was a public road, and since the evidence failed to show that the county had accepted the road for maintenance it was not a public road. On the latter point the court was in error because a road that has been dedicated to the public use is a public road regardless of whether or not it has been accepted by governmental authorities. Wallitsch v. Bennett, Ky., 266 S.W.2d 100. And a dedication by estoppel may arise from general and long-continued use of a passway by the public under a claim of right. Freeman v. Dugger, Ky., 286 S.W.2d 894.

It is immaterial, however, that the ground stated by the trial judge for directing the verdict was not valid, if valid grounds did exist for so doing. It is our opinion that it was proper to direct a verdict for the defendant, for the reasons hereinafter stated.

For the purposes of this opinion we will assume, without so deciding, that the road was a public road. We approach the case from the standpoint of whether the defendant was shown to have violated any duty owed to travelers on this road.

The question of the duty of the owner of land along a highway with respect to taking precautions to prevent injury to travelers on the highway from the falling of dead trees or limbs has not previously reached this court but it has received consideration in the courts of a number of other jurisdictions. See Annotations, 72 A.L.R. 615, 11 A.L.R.2d 626.

Substantially all of the cases recognize the liability of the landowner if he *knows* the tree is defective. Different views have been taken, however, on the question of whether the landowner is liable if he does not know of the defect but could have discovered it by inspection. The question is resolved into one of whether there is a duty to inspect.

A number of the cases have made a distinction between forest lands or lands in rural areas, and those in urban or suburban areas. See Zacharias v. Nesbitt, 150 Minn. 369, 185 N.W. 295, 19 A.L.R. 1016; Chambers v. Whelen, 4 Cir., 44 F.2d 340, 72 A.L.R. 611; O'Brien v. United States, D.C., 166 F.Supp. 231; Hay v. Norwalk Lodge No. 730, B.P.O.E., 92 Ohio App. 14, 109 N.E.2d 481. These cases all held that the owner of forest or rural lands has no duty to inspect trees to ascertain whether they are defective.

We think that at least with respect to forest lands adjacent to little-used roads in sparsely settled areas there is a sound basis for not imposing upon the landowner a duty of inspection to determine whether, through natural processes of decay, trees on the land have become dangerous to users of the road. The basis is that such a duty would be an unreasonable burden in comparison with the risk involved.

In the instant case the land along the road was densely wooded. The tree in question stood among other trees some fifteen feet off the roadway. The owner did not reside on the tract and the evidence showed only that he had traveled the road perhaps four or five times a year. There was little use of the road other than by persons occupying the camps at the lakeshore. Under these circumstances we think the owner did not have the duty of inspection. There is no evidence that he had actual knowledge of the dangerous condition of the tree.

It is our conclusion that the defendant was entitled to a directed verdict because of the failure to prove the violation of any duty owed by him.

The judgment is affirmed.

Court of Appeals of Kentucky.

March 24, 1961.