**VICTOR MARRERO, Plaintiff**

v.

**ALPHONSO GERARD, Defendant**

Civil No. 249/1989

Territorial Court of the Virgin Islands

Div. of St. Croix

December 12, 1989

JULIO A. BRADY, ESQ., LAW OFFICE OF JULIO A. BRADY, St. Croix, V.I., *for plaintiff*

ALBERT A. SHEEN, ESQ., LAW OFFICES OF WINSTON A. HODGE, P.C., St. Croix, V.I., *for defendant*

ELTMAN, *Judge*

## MEMORANDUM OPINION

At the root of this case is whether a landowner can be held strictly liable for damages caused when a tree located on his property fell upon the plaintiff's car as it travelled along an adjacent public road. As a matter of both settled law and public policy, liability rests upon a negligence theory only. Since the evidence does not support such a finding, the complaint will be dismissed.

On November 27, 1988, the plaintiff, Victor Marrero, was driving his 1977 Mercedes Benz along the East End Road in Estate St. Peters. Suddenly a tree fell on his car. Before its collapse, the tree stood on Plot 5 St. Peters, owned by the defendant, Alphonso Gerard. The plaintiff claims to have sustained damage to his vehicle and emotional distress.

█ Norman Nielsen, a neighbor of Gerard and a co-worker with Marrero, arrived at the scene after the incident. The base of the tree was inside Gerard's fence and the remainder of it was on the road. Nielsen described the tree as "dry" where it broke off, "kind of rotten but green on top." The evidence, which includes the plaintiff's photographs of the tree (though none showing the top of the tree where there was foliage) fails to establish that an external visual inspection of the tree before the fall would have disclosed that it was rotten at its base and in danger of toppling. The facts,

therefore, do not support a finding of negligence, since Gerard did not have reason to know that the tree was unstable and therefore could not have foreseen that it would fall.

The plaintiff contends, alternatively, that the defendant is strictly liable. Restatement of Torts (Second) § 363, provides:

> (1) Except as stated in Subsection (2), neither a possessor of land, nor a vendor, lessor, or other transferor, is liable for physical harm caused to others outside of the land by a natural condition of the land.
>
> (2) A possessor of land in an urban area is subject to liability to persons using a public highway for physical harm resulting from his failure to exercise reasonable care to prevent an unreasonable risk of harm arising from the condition of trees on the land near the highway.

Marrero relies in particular on comment e:

> Trees. the rule stated in Subsection (2) is an exception which has developed as to trees near a public highway. It requires no more than reasonable care on the part of the possessor of the land to prevent an unreasonable risk of harm to those in the highway, arising from the condition of the trees. In an urban area, where traffic is relatively frequent, land is less heavily wooded, and acreage is small, reasonable care for the protection of travelers on the highway may require the possessor to inspect all trees which may be in such dangerous condition as to endanger travelers. It will at least require him to take reasonable steps to prevent harm when he is in fact aware of the dangerous condition of the tree.

Whether the area in which Plot 5 is located is urban or rural is debatable—it has characteristics of both—but ultimately irrelevant. Even if the urban standard applies, and even if Gerard had acted in conformity therewith, the weakened condition of the tree was not apparent upon a visual inspection, so that it matters not whether the area was urban or rural. Perhaps a core sampling of the tree would have disclosed the problem, but such an effort, particularly when weighed against the likely risk, is far too onerous a burden to place upon a landowner.

The Restatement simply does not impose strict liability, i.e., liability without fault, in these circumstances. Taylor v. Olsen, 578 P.2d 779 (Or. 1978); Ivancic v. Olmstead, 488 N.E.2d 72, (N.Y. 1985). Sec. 363(2) merely applies a more specific standard of care

277

to an urban landowner, but still within a negligence realm. All of the cases cited by the plaintiff concern patent defects which could reasonably have been discovered by the landowners; none of the decisions applies a rule of strict liability. Brandywine Hundred Realty Co. v. Cotillo, 55 F.2d 231 (3d Cir. 1932); Turner v. Ridley, 144 A.2d 269 (D.C. 1958); Narsh v. Zirbser Brothers, Inc., 269 A.2d 46 (N.J. 1970).

The plaintiff urges the Court if not to follow then to fashion a rule of strict liability in these circumstances and thereby to pronounce a previously unexpressed public policy. While the Restatement serves as the expression of common law, in this jurisdiction, 1 V.I.C. § 4, the District Court has asserted a measure of judicial independence from the control of the Restatement, at least where the issue involves a matter of public policy. Moore v. A. H. Riise Gift Shop, 23 V.I. 227 (D.V.I. 1987), Robinson v. Hess Oil Virgin Islands Corp., 19 V.I. 106 (D.V.I. 1982). In this case, however, Restatement § 363 is entirely consistent with sound public policy.

A landowner should have the duty to inspect for, discover and remedy patently hazardous natural conditions on his or her property which may cause harm to others outside the land. But in this instance, the rotted condition of the tree was internal, not external, and therefore not discoverable upon reasonable inspection. To impose a rule of strict liability would be to declare, in effect, that any tree which is large enough to fall over the boundary of one's land will subject its owner to liability in the event that a hidden weakness causes it to topple and cause damages off the land. Such a ruling, if widely disseminated, most likely would encourage prudent landowners to cut down large numbers of trees, thereby accelerating the already lamentable deforestation of the territory.

The community should be protected from reasonably foreseeable dangers. But the community, both local and global, also has a compelling interest in the protection and preservation of the environment. The same concern and sensitivity which we are just beginning to bring to the massive problem of the destruction of the Amazon rain forest, for example, should also apply to the relatively minute and particular circumstances of this case. No reasonable gain would be derived from adopting a rule of strict liability here, particularly when weighed against the potential ecological and aesthetic implications of such a decision.

For the foregoing reasons, therefore, the complaint will be dismissed.

## ORDER

For the reasons expressed in the memorandum opinion of even date, it is hereby

ORDERED that the complaint is dismissed.