Stanley **VALINET** and **NRC**
**Corporation,** Appellants,
(Defendants Below),

v.

Ann L. **ESKEW** and Phillip N. **Eskew,**
Appellees.   (Plaintiffs Below).

No. 06S01–9106–CV–484.

Supreme Court of Indiana.

June 25, 1991.

Robert B. Clemens, Gregory A. Castanias, Ice Miller Donadio & Ryan, Indianapolis, for appellants.

Robert A. Garelick, Steven M. Crell, Mantel, Cohen, Garelick, Reiswerg & Fishman, Indianapolis, Thomas A. Whitsitt, Giddings Whitsitt Baker & McClure, Lebanon, for appellees.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

The defendants, Stanley Valinet ("Valinet") and NRC Corporation ("NRC"), appealed a judgment of the Boone Superior Court finding them liable for injuries suffered by plaintiffs, Ann Eskew and Phillip Eskew ("Eskews"), resulting when a tree on Valinet's property fell on Ann's car as she was driving by. The Court of Appeals affirmed. *Valinet v. Eskew* (1990), Ind. App., 557 N.E.2d 702.

Valinet and NRC petition to transfer and present the following issues for our review:

(1) Whether a landowner should be liable to a passing motorist for injuries resulting from a falling tree which was located on the landowner's property;

(2) Whether the opinion testimony of a forestry expert was properly admitted at trial;

(3) Whether evidence of the defendant landowner's background relating to his experience as a lawyer, landholder, and real estate developer was admissible; and

(4) Whether the trial court properly refused the landowner's tendered instruction on a passing motorist's contributory negligence.

The record discloses the following facts: Valinet and NRC own wooded land in a residential area of Clay Township, Hamilton County, Indiana, near the intersection of 106th Street and Spring Mill Road. Valinet resided in Indianapolis, but would occasionally drive through Clay Township to inspect his property. Located on this land, twenty-eight feet from the edge of Spring Mill Road, was a large (four feet in diameter), old (160 to 190 years) oak tree.

On December 15, 1987, while Ann Eskew was driving by this tree, a storm, with peak winds of 64 m.p.h., blew the tree over onto her car, seriously injuring her. Testimony

revealed that the tree had been dead for three to five years, and it had been showing signs of decay for eight to twelve years. Furthermore, large limbs had previously fallen from the tree onto the road.

At trial, the issues of liability and damages were bifurcated, and the jury found for the Eskews on the issue of liability. The trial court entered judgment on the verdict and certified the issue for appeal. The Court of Appeals affirmed.

### I. *Landowner's Duty to Passing Motorists*

Central to the issue of liability is the duty owed by Valinet and NRC, as landowners, to Ann Eskew, a motorist on a highway adjacent to the defendants' property. The Court of Appeals held that a landowner owes a duty to exercise reasonable care to prevent injury caused by the defective or dangerous condition of the property to travelers on adjacent roadways. *Valinet,* 557 N.E.2d at 706 (citing *Blake v. Dunn Farms, Inc.* (1980), 274 Ind. 560, 413 N.E.2d 560; *Holiday Rambler Corp. v. Gessinger* (1989), Ind.App., 541 N.E.2d 559; *Pitcairn v. Whiteside* (1941), 109 Ind.App. 693, 34 N.E.2d 943).

In their petition to transfer, Valinet and NRC contend that, in contrast to the cases cited by the Court of Appeals, the present case involves a natural condition on their land which they should not be expected to inspect. The defendants also contend that the trial court erroneously instructed the jury pursuant to the RESTATEMENT (SECOND) OF TORTS § 363, which has not been adopted in Indiana. This section provides:

§ 363. Natural Conditions

(1) Except as stated in Subsection (2), neither a possessor of land, nor a vendor, lessor, or other transferor, is liable for physical harm caused to others outside of the land by a natural condition of the land.

(2) A possessor of land in an urban area is subject to liability to persons using a public highway for physical harm resulting from his failure to exercise reasonable care to prevent an unreasonable risk of harm arising from the condition of trees on the land near the highway.

RESTATEMENT (SECOND) OF TORTS (1965) § 363.

The general rule of nonliability for natural conditions on land arose at a time when land was largely unsettled and the burden imposed on a landowner to inspect it for safety was held to exceed the societal benefit of preventing possible harm to passersby. *Prosser and Keaton on Torts* (5th ed. 1984) § 57 at 390. Courts have imposed liability, however, when landowners had actual knowledge of a dangerous natural condition, regardless of location. *Lemon v. Edwards* (1961), Ky., 344 S.W.2d 822, 823; *Hay v. Norwalk Lodge No. 730, B.P.O.E.* (1951), 92 Ohio App. 14, 23, 109 N.E.2d 481, 486; *Taylor v. Olsen* (1978), 282 Or. 343, 345, 578 P.2d 779, 781. Furthermore, a line of cases developed in which courts imposed a duty on landowners in more heavily populated areas to inspect their trees to try to prevent their posing an unreasonable risk of harm to passing motorists. *Brandywine Hundred Realty Co. v. Cotillo* (1931), 3d Cir., 55 F.2d 231, *cert. denied* (1932), 285 U.S. 555, 52 S.Ct. 411, 76 L.Ed. 944; *Turner v. Ridley* (1958), D.C.Mun.App., 144 A.2d 269, 271; *Harris v. Village of East Hills* (1977), 41 N.Y.2d 446, 449, 393 N.Y.S.2d 691, 693, 362 N.E.2d 243, 245; *Taylor v. Olsen,* 282 Or. at 348–49, 578 P.2d at 782–83. The rationale for imposing such a duty on urban landowners is that the risk of harm to highway users is greater and the burden of inspection on landowners is lighter in such populated areas. *Prosser, supra,* at 391; RESTATEMENT (SECOND) OF TORTS (1965), § 363, Comment e.

We agree that the differing duties placed on owners of land with respect to differing demographics is correct. We, therefore, adopt § 363 of the RESTATEMENT. Whether the land is in an area of sufficient population density to invoke the rule requires a factual consideration of such factors as land use and traffic patterns. Also, whether the landowner exercised the requisite reasonable care will require the fact finder to weigh the seriousness of the danger against the ease with which it may be prevented. As this Court

has previously held, a landowner need not continually inspect his property for natural dangers. *Blake v. Dunn Farms, Inc.* (1980), 274 Ind. 560, 566, 413 N.E.2d 560, 564. However, under some circumstances, fulfilling a landowner's duty to passing motorists might reasonably require periodic inspections to be sure that the premises do not endanger those lawfully on the highway. As it appears from the record here that the jury was instructed on these factors, we hold that the trial court committed no error.

## II. *Admission of Expert Opinion*

Valinet and NRC next dispute the admission of testimony of Steven Goodwin, a forester. Goodwin provided information as to the age and size of the tree, extent of decay, and how long the tree had been dead. He also discussed physical characteristics of the tree's condition which were observable from the road. Finally, Goodwin stated that the chance of the tree falling over was imminent and that it posed an unreasonable risk of falling over on a windy day.

Valinet and NRC contend that this case does not present a proper subject for expert testimony, arguing that lay persons can observe trees as well as experts. They cite *Senco Products, Inc. v. Riley* (1982), Ind.App., 434 N.E.2d 561, for the proposition that the subject of the expert testimony must be related to some science or occupation as to be "beyond the ken of laymen...." *Id.* at 564. The cited proposition of law is correct but does not lead to reversible error in this case. Goodwin demonstrated his ability to evaluate the condition of standing trees by examining them after they have fallen. This is something the average lay person could not ascertain without help. Expert testimony is admissible if it will aid the trier of fact. *Blackmon v. State* (1983), Ind., 455 N.E.2d 586, 591; *Rubin v. Johnson* (1990), Ind. App., 550 N.E.2d 324, 328. Under this standard, Goodwin's testimony was properly admitted.

Valinet and NRC also argue that admission of Goodwin's testimony was error because, as a result, Valinet was held to a higher standard of care than the reasonable person. They point to Goodwin's testimony in which he stated he tapped the tree and used an ax to test the amount of rot in the tree, and they contend that this implied that Valinet should do the same to avoid liability. We disagree. This testimony merely explained the retrospective methods used to examine the tree and determine its condition before it fell over and, thus, aided the jury in determining the condition of the tree and its outward signs of decay before it fell. Goodwin stated that the tree presented an unreasonable risk of falling on a windy day. This statement does not mean that Valinet was being held to a higher standard of care than the reasonable person. It merely reflected Goodwin's opinion of the status of the tree and what effect high winds would have on such an extensively rotted tree.

Valinet and NRC present no error here.

## III. *Admissibility of Evidence Concerning Valinet's Background*

Valinet and NRC also objected to evidence on Valinet's background which was admitted at trial. Specifically, this evidence regarded his experience as a real estate developer, his land holdings, and his law school education. The defendants also objected to testimony elicited from Valinet that he made periodic driving inspections of his property. Valinet and NRC argue that this evidence was irrelevant and served only to prejudice the jury against him due to his wealth and education.

Relevancy is the logical tendency of evidence to prove a material fact and it is a question within the discretion of the trial court. *State v. Hall* (1982), Ind., 432 N.E.2d 679, 682; *Lake County Council v. Arredondo* (1977), 266 Ind. 318, 321, 363 N.E.2d 218, 220. At trial, Valinet denied noticing the condition of the tree which fell on Ann Eskew, and the Eskews anticipated that he would take this position. Valinet's experience as a real estate developer and land holder are arguably relevant to impeach Valinet's position on this question.

As to Valinet's law school education, we do not see how this is relevant to the issue of whether Valinet, in fact, noticed the tree. However, the admission of this evidence constitutes harmless error which was cured by the trial court's instruction that a person's wealth, social status, or occupation was not to be considered when determining duties owed by landowners to passersby.

### IV. *Refusal to Give Comparative Fault Instruction*

The defendants' last assignment of error is the trial court's refusal to give their tendered instruction to the effect that the jury could find Ann Eskew contributorily negligent. A party to an action is entitled to an instruction on a proposition of law if there is evidence in the record to support it. *Mullins v. Bunch* (1981), Ind., 425 N.E.2d 164, 165. Valinet and NRC contend that their tendered comparative fault instruction was supported by evidence that Ann drove by the tree every day on her way to work and was just as capable of noticing it as Valinet, but continued to take that route regardless of the risks involved. At trial, Ann stated she never appreciated the danger involved with regard to the tree. Therefore, the only evidence that might support defendants' instruction was the fact that she frequently drove by the tree. This evidence does not support the tendered instruction. While, as we have held in Section I, a possessor of land in an urban area has a duty to exercise reasonable care in inspecting and maintaining trees on his land, a passing motorist has no such corresponding duty. Ann stated that she had never noticed this particular tree and that she never appreciated any danger associated with it. Therefore, there was no legal or factual basis for imposing any possible fault on her part. The trial court properly refused this instruction.

For all the above-stated reasons, we grant transfer, vacate the opinion of the Court of Appeals, and affirm the judgment of the trial court.

DeBRULER, GIVAN and DICKSON, JJ., concur.

SHEPARD, C.J., concurs and dissents with separate opinion.

SHEPARD, Chief Justice, concurring and dissenting.

I concur in all but part IV, about which I dissent. A driver has *some* responsibility to take reasonable precaution for her own safety during a storm and *some* duty to take cognizance of her surroundings. In Part IV, the Court says Eskew had no duty and that because she testified that she didn't appreciate the danger, she cannot be negligent as a matter of law and thus no instruction on comparative fault was warranted. I think both Eskew and Valinet had a duty of reasonable care and they should both tell their story to the jury.