No. 426
ZEIER et v. HUFF et
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1278. Decided March 5, 1925.

1271. WILLS—1. Probated will held not revoked by evidence that later lost will was executed.

2. Evidence of value of estate devised held not competent in issue to establish lost will.

3. Clear and convincing evidence required to establish lost will.

1195. TRIALS—Arrest of case from jury erroneous when evidence sufficient to warrant submission and no motion made to effect such result.

BY THE COURT.

After the death of George Zeier, a will executed by him Jan. 29, 1913 and duly attested, was probated. This will was contested in the Franklin Common Pleas by Mary Huff, her main contention being that there was executed by her father George Zeier, before his death and subsequent to the will probated, another will, his last will, in which she was named as beneficiary. It was brought out that after the testator's death there was no other will than the one probated found among his papers. One, Reitebach testified that he drew up the so-called last will, and was one of the witnesses thereto, and was also a witness to the will probated. He claimed that there was a provision in the last will for a daughter Mary.

The trial court held that a mere prependerence of the evidence was necessary to establish the claim of the contestant, Mary Huff, (following Collins v. Collins 110 OS 137) and therefore she was entitled to recover; and judgment was directed in her favor. Error was prosecuted and John Zeier the plaintiff herein claims the lower court erred in admitting evidence as to the value of the estate of the testator, and also erred in directing a verdict. The court of appeals held:

1. Evidence of the value of the estate of testator is usually admitted in case of undue influence and where testamentary capacity is involved. In this case where the only question is the existence or non-existence of a so-called last will this evidence is incompetent.

2. There was sufficient evidence to warrant the case to go to a jury especially so when no motion was made at the close of all the evidence to arrest the case from the jury.

3. The general charge in respect to the preponderence of the evidence being sufficient to prove the so-called last will was erroneous and the court should have followed the principles laid down in Cole v. McClure 88 OS 1, wherein clear and convincing evidence was held necessary.

Attorneys—N. J. Weisend and Timothy S. Hogan for Zeier, Saffin, Sandles and R. J. Bartlett, for Huff; all of Columbus.

No. 427
GECHWIND, ADM. v. VIERS
Ohio Appeals, 6th Dist. Lucas Co.
No. 1547. Decided March 30, 1925

225. CHARGE TO JURY—Where question of contributory negligence is raised by evidence, though not in pleadings, the court may charge thereon.

1028. RES IPSA LOQUITUR—Rule of does not exist in the case of a falling limb from tree.

WILLIAMS, J.

Lucia Ballantyne brought action in the Lucas Common Pleas against Mary Viers, claiming that in trying to escape from a falling limb, of a tree which stood in front of Vier's home, she fell over a hedge, thereby sustaining injuries for which damages were sought. The judgment in the lower court was rendered in favor of Viers. Ballantyne having died in the meantime, error was prosecuted by Minerva Gechwind, administratrix.

It was contended that the trial court erred in the admission of evidence and in its charge to the jury. It was contended that, weather bureau reports were admited into the evidence to show the velocity of the wind and the condition of the weather. It was objected to solely upon the ground that it was immaterial. It was also contended that the court in its charge to the jury did not charge on res ipsa loquitur. The Court of Appeals held:

1. Since there was a dispute as to the date on which the accident occurred, and there was evidence tending to show that the accident occurred on different dates, the weather bureau report showing the weather condition on the afternoon of each of the days were material and therefore admissible.

2. The doctrine of res ipsa loquitur, though applied to falling objects such as falling buildings, trolley poles, scaffoldong etc., has never been applied to falling limbs of trees. There would seem to be a distinction in applying the doctrine to the falling of that which grows naturally, and that which is the work of man. Loomis v. Tol. Rys. & Light Co., 107 OS. 161; Cini. Traction Co. v. Holzenkamp, 74 OS. 379.

3. Since the question of contributory negligence was not plead, but raised by the evidence, the court did not err in charging the jury thereon. Judgment affirmed.

Attorneys—Manton & Manton, for Gechwind, Charles R. Bearfoot, for Viers, all of Toledo.