PHILADELPHIA FIRE & MARINE INS. CO., APPELLEE, *v.*
THE HIRSCHFIELD PRINTING CO., APPELLANT.

(No. 6338—Decided November 22, 1943.)

*Mr. Robert P. Moore,* for appellee.
*Mr. John R. Hahn* and *Messrs. Dolle, O'Donnell &
Cash,* for appellant.

MATTHEWS, J.   The Municipal Court of Cincinnati,
without the intervention of a jury, found the issues of
fact in favor of the plaintiff · and rendered judgment
for it.   The appeal to this court is from that judgment.
    The plaintiff had insured one Gerhold against dam-
age by fire to his automobile.   Loss occurred from that
cause and the plaintiff having paid Gerhold the amount
of his loss, by this action seeks to enforce the right of
Gerhold against the defendant for having wrongfully
caused the loss.
    The first error assigned is that the court rendered
final judgment on the defendant's motion at the close
of the plaintiff's evidence and thereby deprived de-
fendant of the opportunity to introduce evidence and
to argue upon final submission of the case.
    An examination of this record lends no support to
the defendant's contention.   It shows that after the
plaintiff had rested, counsel for the defendant were
asked by the court whether it had any evidence to offer

and counsel responded, ''No, I haven't any testimony.'' That necessarily meant that the case was submitted for decision at the close of all the evidence. The fact that this colloquy between court and counsel took place after the argument on the motion, is without legal significance. As all the evidence was before the court at the time of the argument on the motion and defendant's counsel knew it, they had full opportunity to advance any argument that would be relevant whether the hearing had been characterized in advance as a hearing on final submission.

The record fails to show that this objection was raised at any time in the trial court and, for that reason and because it is unsubstantial, we find that the court committed no prejudicial error in treating the case as having been finally submitted.

The evidence shows that the defendant's truck stalled in a public street. Defendant's employee parked it along the curb and sent for another employee to help get the truck's motor started. In the process, the employee who had been sent to adjust and start the motor let some gasoline drain from the tank onto the surface of the street. He said it was a small quantity—not more than a quart—and the other employee said it was as much as ten or eleven gallons. While there is a conflict in the evidence on the subject, there is ample foundation for the conclusion that the larger quantity escaped before the fire started. The employee, who was not actively engaged in trying to get the motor started, was standing on the sidewalk nearby. He struck a match with which to light a cigarette, and in some way, not clearly disclosed, this set fire to the gasoline in the gutter. The blaze followed the gasoline down the gutter until it reached the Gerhold automobile, parked near the curb at a lower level, and ignited some of the gasoline that had formed a pool

under the Gerhold automobile. The result was that damage was done to that automobile by the fire.

The legal consequences to the defendant must be determined as though it were a natural person who was present at the time. It seems clear that by voluntarily spilling this gasoline in the street it created a public nuisance and is responsible for all the natural consequences thereof. 30 Ohio Jurisprudence, 323, Section 26. The gasoline was a highly combustible substance. A mere spark was enough to set it aflame A public street is no place for such a substance to be exposed unguarded. It created a menace to the safety of the users of the street, ignorant of its presence. The Gerhold automobile was lawfully in the street The defendant by reason of the nearness of its employees was brought into relation with the automobile and owed a duty to its owner.

In 38 American Jurisprudence, 656, Section 14, it is said: "The law imposes upon every person who undertakes the performance of an act which, it is apparent, if not done carefully, will be dangerous to * * * the property of other persons, the duty to exercise his senses and intelligence to avoid injury." And: "The law does impose upon every member of society the duty to refrain from conduct of a character likely to injure a person with whom he comes in contact, and to use his own property in such manner as not to injure that of another."

Furthermore, this gasoline was ignited by one for whose negligent conduct the defendant was chargeable. He was in custody of this truck and the gasoline which it contained. The defendant owed a duty to the public to exercise reasonable care that harm might not result to others. It entrusted the discharge of that duty to its employee. Whether he performed that duty was an issue of fact and the trial court resolved that issue

against the defendant. The defendant's own employee, who struck the match, by his testimony showed that he recognized at the time that it was a hazardous thing. We would not be justified in disturbing the court's finding.

We find no error in the record.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

Ross, P. J., and HILDEBRANT, J., concur.