HAY, ADMX., APPELLANT, *v.* NORWALK LODGE No. 730, B. P. O. E., ET AL., APPELLEES.

(No. 621—Decided October 22, 1951.)

*Messrs. Catri & Catri,* for appellant.
*Mr. G. Ray Craig, Messrs. Miller & Miller* and *Messrs. Carpenter & Carpenter,* for appellees.

Fess, J. This is an appeal on questions of law from a judgment sustaining a demurrer to the second amended petition, on the ground that it fails to state a cause of action. Plaintiff not desiring to further plead, the action was dismissed.

Plaintiff, as administratrix, brought her action against the Norwalk Lodge of the Benevolent and Protective Order of Elks, five individuals as trustees of the lodge, and one Harry E. Sanders. It is alleged that the five individual defendants are the trustees of a nonincorporated organization known as Norwalk Lodge No. 730, Benevolent and Protective Order of Elks. The first ground of the demurrer, which was overruled, was a defect of parties defendant and want of legal capacity in the defendants named as trustees to be sued.

It is elemental that an unincorporated organization or association, in the absence of statute, is not a legal entity subject to be sued. *State* v. *Fremont Lodge of Loyal Order of Moose,* 151 Ohio St., 19, 84 N. E. (2d), 498; *Koogler et al., Trustees,* v. *Koogler,* 127 Ohio St., 57, 186 N. E., 725. In the absence of statutory authority to sue the organization, the action may be brought against the individual members.

Sections 9462 to 9509, General Code, dealing with fraternal organizations, make no provision for suits by or against such organizations. In the *Koogler case, supra,* the opinion recites that the defendant lodge was a fraternal benefit society under Section 9462, General Code, and that by virtue of Section 10060, General Code, such society could be sued. But an examination of Section 10060, indicates that it refers to secret benevolent associations referred to in Section 10057, General Code. Cf. 77 Ohio Laws, 146. But in passing upon the demurrer, a court may not take judicial notice of the fact that the defendant lodge is a secret benevolent association or a fraternal benefit society. The demurrer must be decided on the allegation of the petition, which in the instant case is that the defendant is a nonincorporated organization. It follows that, as to the lodge and the individual defendants as trustees, the demurrer was properly sustained.

As indicated above, the trial court overruled the demurrer on the ground of want of capacity to be sued, but sustained it on the ground that the petition fails to state a cause of action.

The more pertinent allegations of the petition are as follows:

The decedent was operating a truck in a northerly direction on New State road when a large limb or limbs fell from a tree located on the land of the defendants on the easterly side of the highway and struck the top of the cab, forcing the same onto decedent's body, injuring him so that he lost control of the truck, crashed into a tree, and died as a result of his injuries. The defendant lodge was the owner of land on the east side of the road and the defendant Sanders was the owner of land south of and adjacent to the land of the lodge; and there was an established fence line thirty feet east of the center line of the highway.

Plaintiff alleges further that for a number of years a tree was located at the intersecting point of the established boundary line between the defendants' properties and the established fence line running parallel to the New State road; that said tree had grown very large and parts of the many large limbs of the tree owned by the defendants extended over and above the traveled portion of the New State road; that several years prior to July 20, 1949, said tree was struck by lightning, extensively damaged and weakened; that the damage to the tree was visible and apparent to these defendants for a period of several years; that after said tree was struck and damaged by lightning, apparent natural processes of decay set in and further weakened said tree and its branches which extended over and above the traveled portion of the road; that at all times herein mentioned defendants had knowledge that portions of said tree extended over the highway; that for a period of several years the defendants had knowledge that the tree had been struck by lightning; and had knowledge that the tree had been damaged and weakened; that the defendants negligently allowed and permitted said tree to remain in a damaged, weakened and defective condition near said highway when they knew that portions of said tree were damaged, weakened and defective and would fall in said highway and injure travelers thereon; and that defendants failed and neglected to remove the tree or the damaged or weakened portions thereof, failed and neglected to wire or brace the damaged or weakened portions thereof or to do anything by way of making said tree secure, and failed and neglected to give notice to the traveling public of the defective, weakened and damaged condition then and there existing.

Upon this phase of the appeal we are required to determine whether the above allegations state a cause of

action against the owner of the property abutting the highway.

It is singular that no reported decision in Ohio, directly in point, has been brought or has come to our attention. *Gschwind, Admx.,* v. *Viers,* 21 Ohio App., 124, 152 N. E., 911, holds merely that a charge that the owner of property upon which a tree was situated had the duty to exercise ordinary care for the safety of pedestrians using the sidewalk is as favorable as plaintiff had a right to ask. Since the verdict was for the defendant, the court was not called upon to determine the correctness of the charge, nor was it incumbent upon the court to grant final judgment.

2 Restatement of the Law of Torts, 985, Section 363, recites:

"Neither a possessor of land, nor a lessor, vendor or other transferor thereof, is subject to liability for bodily harm caused to others outside the land by a natural condition of the land other than trees growing near a highway."

The caveat to the rule is significant:

"The Institute expresses no opinion as to whether a possessor of land who permits trees not planted by himself or his predecessors to remain on a part of the land near a public highway is or is not under a duty to exercise reasonable care to prevent their condition becoming such as to involve a grave risk of causing serious bodily harm to those who use the highway and the burden of making them safe is not excessive as compared to the risk involved in their dangerous condition."

We start with the premise that every person may make such use as he will of his own property, provided he uses it in such manner as not to invade the rights of others.

*Carmen* v. *Steubenville & Indiana Rd. Co.,* 4 Ohio St., 399, 415; *Frazier* v. *Brown,* 12 Ohio St., 294, 299;

*City of Tiffin* v. *McCormack*, 34 Ohio St., 638, 644, 32 Am. Rep., 408; *Louden* v. *City of Cincinnati*, 90 Ohio St., 144, 152, 106 N. E., 970, L. R. A. 1915E, 356, Ann. Cas. 1916C, 1171.

Conversely, the law does impose upon every member of society the duty to refrain from conduct of a character likely to injure a person with whom he comes in contact and to use his own property in such a manner as not to injure that of another. *Philadelphia Fire & Marine Ins. Co.* v. *Hirschfield Printing Co.*, 73 Ohio App., 27, 29, 53 N. E. (2d), 827. The cases upon which this principle is based relate to negligent acts resulting in injury to another's property as distinguished from passive acquiescence in respect to a hazardous condition upon the owner's premises.

With respect to the liability of the owner of a decayed tree to persons injured off the premises, the English and American cases are in conflict. A distinction is drawn between the liability of an owner of an artificial structure toward one injured in the street or highway by a falling object, and the owner of a decayed tree. The maintenance of an artificial structure, such as a sign or shutter overhanging a sidewalk over which the owner has control, imposes liability upon such owner for injury to a pedestrian with the attendant evidence rule of *res ipsa loquitur*. In a case where an object is suspended over a street or highway, and in the course of events must fall unless suspended by artificial means employed by the owner, such owner is absolutely bound to make it secure. But no such liability is imposed upon the owner of a growing tree. A branch of a growing tree is not kept from falling by artificial means employed by its owner, but it is kept intact and firm by natural processes. It is only when injury or decay interferes with the natural processes that human intervention is required. Nor is the principle of *Rylands* v. *Fletcher*, L. R. 3 House of Lord's

Cases, 330, 1 English Ruling Cases, 235, applicable. As pointed out by Rowlatt, J., in *Noble* v. *Harrison,* 2 K. B., 332, 49 A. L. R., 833, 836, a tree is not like an artificial reservoir which the owner is bound to keep from escaping at his peril. To grow a tree is a natural use of the soil. It is not in itself a dangerous instrumentality, although through age and decay it may become a dangerous object. Neither is a tree whose branches overhang a highway a nuisance unless such branches obstruct the free passage of the users of the highway.

A number of cases on the subject are reviewed in the annotations found in 19 A. L. R., 1021, 49 A. L. R., 840, 72 A. L. R., 615, and 11 A. L. R. (2d), 626. A review of those decisions leads to the conclusion that in the absence of knowledge of a defective condition of a branch of a tree which in the course of natural events is likely to fall and injure a person in the highway, no liability attaches to the owner of the tree. On the other hand, where the owner has knowledge of the dangerous condition of the tree or its branches, it is his duty to exercise reasonable care to prevent the fall of the tree or its branches into the highway.

Two cases are cited, taking the position that there is no duty on the owner of premises abutting a rural highway to examine trees growing either on the premises or along the highway to determine whether, through natural processes of decay, such trees have become dangerous to users of the highway. It may be noted, in passing, that whether the tree is on the owner's premises or on the untraveled portion of the right of way is immaterial in Ohio since the owner of the fee retains the exclusive right to the trees growing thereon for all purposes not incompatible with the right of way. *Phifer* v. *Cox,* 21 Ohio St., 248, 8 Am. Rep., 58; *Daily* v. *State,* 51 Ohio St., 348, 37 N. E., 710, 46 Am. St. Rep., 578, 24 L. R. A., 724; *Ohio Bell*

*Tel. Co.* v. *Watson Co.,* 112 Ohio St., 385, 147 N. E., 907. Cf. *Hofius* v. *Carnegie-Illinois Steel Corp.,* 146 Ohio St., 574, 67 N. E. (2d), 429.

The two cases relieving the owner of premises abutting a rural highway from liability are *Zacharias* v. *Nesbitt* (1921), 150 Minn., 369, 185 N. W., 295, 19 A. L. R., 1016, and *Chambers* v. *Whelan* (1930), 44 F. (2d), 340, 72 A. L. R., 611. The decisions rest upon two grounds: First, that it is unreasonable to require the owner of rural land to inspect his property with regard to naturally arising defects because of the burden thereby imposed upon the owner of large and unsettled tracts of land; second, that the safety of a highway is a duty imposed upon public authorities.

In the *Zacharias case* the tree, which was obviously old and decayed, was within the limits of the highway, and a number of years prior to the accident the owner had received notice from the authorities to remove the tree from the highway limits. The court said the notice was merely a warning that if the owner desired to remove and appropriate the tree, he might do so, otherwise the authority would do it, and that the law did not compel the owner to do any affirmative act in respect to natural objects found in or upon the highway limits in order to protect travelers thereon.

The other case relating to a rural area is *Chambers* v. *Whelan, supra,* which involved an obviously decayed tree standing upon defendant's property, which fell across a country road upon the plaintiff while driving thereon. The opinion is written by an eminent authority, Judge John J. Parker. The decision turns, however, upon the duty of the owner of a large tract of land to inspect. The court interpreted the allegations of the petition that the defendants knew, or in the exercise of reasonable care could have known, of the dead and decayed condition of the tree as an allegation of failure to inspect. It was held that the allegation was

not good as an allegation of knowledge, but merely as one that the dangerous condition of the tree was discoverable by the exercise of due care, *i. e.*, by reasonable inspection.[1]

The court stated that the case did not involve the liability of one who, with knowledge of the dangerous condition of a tree, maintains it on his property when it is liable to fall and injure persons upon a highway.

The opinion recognizes that even though a duty may be imposed upon public authorities to maintain the safety of a highway, an abutting property owner is not necessarily absolved from his duty with respect thereto. But in West Virginia a statute imposes upon the highway officials the duty of removing all dead timber standing within fifty feet of a highway and no like duty is imposed upon the owner. No such statute is found in Ohio. It may also be noted that the duty imposed upon a municipality by Section 3714, General Code, does not absolve the abutting property owner from his duty to the traveling public. *Herron v. City of Youngstown,* 136 Ohio St., 190, 24 N. E. (2d), 708.

The *Zacharias* and *Chambers cases* are the only authorities, referred to in the annotation in 11 A. L. R. (2d), 626, 633, holding that there is no liability on the part of the owner of premises abutting a rural highway. However, in *Brandywine Hundred Realty Co.* v. *Cotillo* (C. C. A. 3), 55 F. (2d), 231, the court in a case arising in Delaware held that the owner of a dead tree standing in a suburban forest was liable to an autoist injured by the falling of the tree.

It has been said that there is no common-law duty imposed upon the owner of trees abutting a highway.

---

[1] Under the liberal rule in Ohio applicable to the construction of pleadings, the interpretation made in the *Chambers case* would not prevail, but in the case before us the allegation is that the defendant knew of the defective condition of the tree.

Nevertheless, the time-honored principle that one shall so use his own property as not to injure another is of ancient origin. Plaintiff's decedent had the lawful right to drive upon the public highway. Responsibility for the control of one's property is one of the burdens of ownership. Since the abutting property owner has the right to enjoy his property without interference by the traveling public and has the control of structures located on and trees growing upon his property, so, also, the traveling public is entitled to pass without any injury which the owner by reasonable care and diligence may prevent. The answer does not rest upon an asserted responsibility of the owner of private property for the same condition of a public highway.

An owner of property abutting a highway has the obligation to use reasonable care to keep his premises in such condition as not to endanger travelers in their lawful use of the highway. If he fails to do so and thereby renders the way unsafe for travel, he should be liable therefor. It is, therefore, concluded that, although there is no duty imposed upon the owner of property abutting a rural highway to inspect growing trees adjacent thereto to ascertain defects which may result in injury to a traveler on the highway, an owner having knowledge of a patently defective condition of a tree which may result in injury to a traveler on a highway must exercise reasonable care to prevent harm from the falling of such tree or its branches on a person lawfully using the highway. If the danger is apparent, which a person can see with his own eyes, and he fails to do so with the result that injury results to a traveler on the way, the owner is responsible because in the management of his property he has not acted as a reasonably prudent landowner would act.

According to the allegations of the petition, the tree

was upon the division line between adjoining owners. As to the tree itself, the owners are tenants in common (1 American Jurisprudence, 539, Section 58) and as such are answerable for such injury as may be attributable to their failure to exercise ordinary care.

As to the lodge and the individual defendants as trustees thereof, the judgment is affirmed. As to the defendant Harry E. Sanders the judgment is reversed and the cause remanded for further proceedings.

*Judgment accordingly.*

CONN and SAVORD, JJ., concur.