OPINION
This timely appeal arises from a trial court decision granting Appellees' motion for summary judgment. Appellants, Charles and Helen Ankeny, filed a civil complaint against Appellees, Jackman Vodrey, individually and as trustee of the Vodrey Trust, as well as five named and fifty John Doe and Jane Doe defendants. The complaint sought damages against Appellees after a tree located on property abutting State Route 170 fell across the road, striking the vehicle in which Appellants were travelling. Appellants alleged that Appellees as property owners were negligent in failing to exercise reasonable care to prevent harm to persons lawfully using the highway. For the following reasons, this Court affirms the trial court judgment.
On April 3, 1993, Appellants were traveling south on State Route 170, approaching Fredricktown which is an unincorporated community in St. Clair Township. State Route 170 runs through a forest owned by Appellees, the Vodrey Trust. The trust owns approximately 4000 acres in that particular area and over ninety percent of that property is forested.
While the Appellants were driving through the forest, a large tree fell into the road and several branches struck Appellants' vehicle allegedly causing property damage to the vehicle and personal injuries to Appellants.
On April 3, 1995, Appellants filed suit in the Columbiana County Court of Common Pleas seeking damages for personal injuries. The complaint listed five named defendants as well as fifty John Doe and Jane Doe defendants. Through the course of litigation, Appellants dismissed William H. Vodrey, III, Joseph Kelly Vodrey and Elizabeth B. Thompson. Appellants also dismissed Jackman S. Vodrey and Louise v. Boyd in their individual capacities but they remained party defendants as trustees of the Vodrey Trust. Appellants filed an amended complaint adding Jackman S. Vodrey and Theodore Vodrey Boyd as defendants in their capacity as trustees of the Vodrey Trust. After the complaint was amended, the case essentially proceeded against the trustees of the Vodrey Trust.
In its scheduling order dated December 8, 1995, the court set July 1, 1996 as the discovery deadline. By that deadline, the court had before it the deposition transcripts of Appellants, the deposition transcript of Jackman S. Vodrey, the deposition transcript of Gary W. Winterburn, caretaker of a farm located on the Vodrey Trust, an affidavit from Jeffrey Ramson, Appellants' expert witness, an affidavit from Jackman S. Vodrey, as well as various maps and photographs of the property in question.
On July 9, 1996, after completion of discovery in this case, the trial court granted summary judgment in favor of Appellees and dismissed the case. Relying on the holding in Heckert v.Patrick (1984), 15 Ohio St.3d 402, the trial court held that in a rural setting, a property owner has no duty to inspect the trees on that property if the property owner lacks actual or constructive notice of a defect or hazardous condition. Based on the evidence before it, the court ruled that reasonable minds could come to but one conclusion: that the accident took place in a rural setting and that Appellees had no actual or constructive notice regarding any defective condition in the tree at issue. As there was no notice, the court ruled that Appellees had no duty to inspect and that Appellees were not negligent in failing to do so.
Appellants argue that the trial court erred in granting the motion and contend that there are genuine issues of material facts concerning whether the area in question is urban or rural and whether Appellees had notice of a defective or hazardous tree on Appellees' property.
Appellants raise two assignments of error on appeal. In the first assignment of error, Appellants contend that:
 "THE TRIAL COURT ERRED BY CONCLUDING AS A MATTER OF LAW THAT THE TREE THAT FELL ON APPELLANTS' CAR WAS SITUATED IN A RURAL AREA AND THAT APPELLEES WERE THEREFORE EXCUSED FROM A DUTY TO INSPECT THE TREE."
In reviewing summary judgment proceedings, an appellate court reviews the evidence de novo, but in the same manner as the trial court. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579,588; Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711. In order to prevail on a motion for summary judgment, the movant must show that: 1) there remains no genuine issue as to any material fact, and 2) when construing the evidence most strongly in favor of the nonmoving party, 3) reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Welco Industries, Inc. v. Applied Cos. (1993),67 Ohio St.3d 344, 366; See Civ.R. 56(C). The movant has the initial burden of informing the trial court of the basis for the motion and must identify the parts of the record that tend to show that no genuine issue of material fact exists on the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Once this initial burden is met, the opposing party has a reciprocal burden to show specific facts that demonstrate that a genuine issue for trial exists. Id.
In their motion for summary judgment, Appellees cite Heckert,supra, for the proposition that landowners in a rural setting have no duty to inspect trees located on that property for defects in the absence of any knowledge of a defective condition. In that case, the Court held that:
 "although there is no duty imposed upon the owner of property abutting a rural highway to inspect growing trees adjacent thereto or to ascertain defects which may result in injury to a traveler on the highway, an owner having knowledge, actual or constructive, of a patently defective condition of a tree which may result in injury to a traveler must exercise reasonable care to prevent harm to a person lawfully using the highway from the falling of such tree or its branches".
Id. at 405 (emphasis added), citing with approval, Hay v. NorwalkLodge No. 730 BPOE (1951), 92 Ohio App. 14. Both of these cases hold that, in a rural setting, there is no duty to inspect trees on the property and unless a party has actual or constructive knowledge of a defect in a particular tree there is no liability imposed.
These decisions rest upon the principle that it is unreasonable to require the owner of rural land to inspect his property with regard to naturally arising defects because of the burden that would be imposed upon the owner of large and unsettled tracts of land. Hay, supra at 21. The duty placed upon an urban landowner, who has only a few trees, is not a heavy one and that landowner may be charged with the duty to inspect. A rural landowner, however, may have a number of trees that approach forest dimensions. This would impose a duty of immense and onerous proportions. Heckert, supra at 405.
R.C. § 4511.01(PP) defines an "urban district" as, "the territory contiguous to and including any street or highway which is built up with structures devoted to business, industry, or dwelling houses situated at intervals of less than 100 feet for a distance of a quarter mile or more, and the character of such territory is indicated by official traffic control devices."
In support of their motion for summary judgment, Appellees presented substantial evidence that the area in question is rural. The Vodrey Trust owns over 4000 acres of land in the area where the accident occurred and approximately 80-90% of that land is densely forested. (Affidavit of Jackman S. Vodrey). There are approximately 22 miles of roadway that run through this forested area. (Deposition of Gary W. Winterburn, p. 21). Appellees also presented as evidence an aerial photograph showing that there are no structures contiguous to State Route 170 and only a small number of structures in Fredricktown, which is over 200 feet away. (Exhibit to Affidavit of Jackman S. Vodrey). This photograph clearly shows that the closest structure to the site of the accident is an uninhabited schoolhouse owned by Appellees and located nearly 187 feet away from the accident site.
Once Appellees met their burden in support of summary judgment, the burden shifted to Appellants to present specific facts showing a genuine issue as to whether the site of the accident was rural or urban. As to this particular issue, Appellant failed. Appellants rely on the deposition testimony of Charles Ankeny when he describes State Route 170 as being a road, "with a lot of traffic on it." (Deposition of Charles F. Ankeny, p. 23). Appellants also rely on the deposition testimony of Gary Winterburn where he estimates the distance between the accident site and his location at the time of the accident as being, "two city blocks." (Deposition of Gary W. Winterburn, p. 5). Appellants also pointed to the fact that the accident occurred between the "Fredricktown" sign and the first structure within Fredricktown in an attempt to place the distinction between a rural and urban area at issue. (Deposition of Gary W. Winterburn, p. 12).
Appellants presented no evidence and could point to no specific facts in evidence which would tend to refute the evidence presented by Appellees and indicate that the site of the accident was actually an urban setting. Appellants also failed to present any evidence that the area contiguous to and surrounding the accident site is built up with structures devoted to business, industry, or dwelling houses situated at intervals of less than 100 feet for a distance of a quarter mile or more. See R.C. §4511.01(PP), supra.
Appellant, Charles Ankeny's description of State Route 170 as being a road, "with a lot of traffic on it" is insufficient to create a factual dispute as to whether the surrounding property is rural or urban. Indeed, there are many heavily travelled roads which run through areas that can only be described as rural. The photographs produced by Appellants illustrate a road running through an area best termed as densely forested. (Deposition of Gary W. Winterburn, Exhibits 1-4, 6-8, 10) Likewise, Gary Winterburn's estimation of his distance to the site of the accident at the time the accident occurred as being, "two city blocks" is merely a descriptive term and does not indicate that he viewed the area as being city-like or as an urban area. This was simply a convenient and easily understood method of approximating a distance.
Moreover, the fact that the accident occurred after Appellants passed a sign that read "Fredricktown" is equally unimpressive. Fredricktown is an unincorporated village and this sign serves to inform motorists that the village lies ahead. (Defendants' Reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment, Exhibit A.) It does not serve as a demarcation of city limits.
As the Appellants failed to meet their reciprocal burden and the record reflects that there was no genuine issue of material fact, reasonable minds could come to but one conclusion: the property in question was in a rural setting. Summary judgment was properly granted and Appellants' first assignment of error is not well taken.
Once the court ruled as a matter of law that the site of the accident was a rural area, Appellants were forced to prove that Appellees had knowledge, either actual or constructive, of a defective condition in order to prevail. In Appellants' second and final assignment of error, Appellants contend that:
 "The trial court erred by concluding as a matter of law that Appellees were not on constructive notice of the defective condition of the tree that fell on Appellants' car."
It is well settled in Ohio that where negligence revolves around the question of the existence of a hazard or defect notice, either actual or constructive, is a prerequisite to the duty of reasonable care. Heckert, supra at 405. The Heckert court expanded upon this principle and explained that for a rural landowner's duty to inspect to be triggered, the landowner must have actual or constructive knowledge of a, "patently defective condition of a tree." Id. While the Heckert court did not define "patently defective," it cited with approval the holding in Hay
where the court defined "patently defective" as, "apparent, which a person can see with his own eyes." Hay, supra at 23. See also,Salzgaber v. Kirkland (April 26, 1990), Franklin County 89-AP-1503, unreported (defining a patent hazard as one that is obvious)
Appellants rely on our holding in Hess v. McIntosh (January 25, 1993), Carroll County, Case No. 613, unreported, for the proposition that it is for the trier of fact to determine the existence of actual or constructive notice of a hazard. Appellants' reliance on this case is misplaced. Hess is immediately distinguishable from the case at bar. The issue of notice in Hess became a jury question because there were genuine disputes as to material facts concerning notice. In that case, we reversed the trial court's granting of summary judgment when we found evidence in the record indicating that McIntosh had admitted knowledge of a hazardous condition. Id. Given that admission, there became a factual dispute as to whether the appellee had notice of the hazardous condition.
In this case there are no such factual disputes. Appellants presented no evidence whatsoever to indicate that Appellees had any type of notice of a patently defective condition in the tree that ultimately fell down. Indeed, Appellants' own expert prepared an affidavit where he opined that "an inspection of the tree should have revealed signs of trunk decay and a wound that was many years old. . . . If someone would have inspected the tree before it fell, there would have been sufficient evidence of damage to the tree from this wound to show that the top heavy tree was in danger of falling." (Affidavit of Jeffrey Ramson).
It is clear from this affidavit that any defect in the tree at issue was discoverable only upon inspection. Problems discoverable only upon inspection are not patently obvious. As such, the affidavit of Appellants' expert did not create a material issue of fact to defeat a motion for summary judgment.
Appellants next argue that because other trees had previously fallen on the land Appellees own, Appellees were on constructive notice of the defective or hazardous condition of other trees in the immediate vicinity and therefore had a duty to inspect the tree which ultimately caused the incident at issue. We disagree. The facts in the record indicate that there are over twenty-two road miles that run through the forest owned by Appellees. (Affidavit of Jackman S. Vodrey). The fact that other trees had fallen due to natural causes at other times in this forest does not serve to put Appellees on notice of a patent defect or hazard in the particular tree that fell upon Appellants' vehicle. Furthermore, it did not trigger a duty to inspect this particular tree. The position advanced by Appellants would require us to hold that Appellees had a duty to inspect each and every tree in the forest. We refuse to impose such a duty.
As there was no evidence in the record to indicate that Appellees had notice of any defective condition in the tree that fell, Appellants failed to meet their reciprocal burden to survive a motion for summary judgment. Appellants' second assignment of error is not well taken.
For all of the foregoing reasons, we find that Appellants' two assignments of error lack merit. Accordingly, the trial court judgment is hereby affirmed.
Vukovich, J., concurs.
Donofrio, J., concurs.
APPROVED:
 __________________________ CHERYL L. WAITE, JUDGE