DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Erie County Court of Common Pleas. There, a jury returned a verdict in favor of the defendants in a wrongful death case. Because we conclude that the trial court failed to properly instruct the jury, we reverse.
Appellant, Beverly Blausey, is executrix of the Estate of Dale Blausey. On November 20, 1989, Dale Blausey was driving home from work on U.S. Route 250 when a windstorm toppled an eighty-nine foot spruce[1] upon the car he was driving, fatally injuring him. The tree had been growing on the highway right-of-way which is owned by the state of Ohio; its trunk was approximately thirty-two feet from the pavement. The adjacent property is owned by appellees, Joseph P. and Jeanette Henry. A later inspection of the tree revealed that its core was rotten — a condition, according to appellant's expert, most likely caused by a lightening strike some years prior to the accident.
In 1990, appellant instituted a wrongful death and survivorship suit in which she alleged that appellees had breeched a duty to inspect the tree, discover its condition and remedy the danger it posed. The matter survived cross-motions for summary judgment and was tried before a jury in 1998.
It was uncontested that the weakness in the tree was latent, but might have been discovered if properly inspected. At the conclusion of evidence, appellant requested that the jury be instructed that appellees were the owners of the tree and had a duty to inspect it so as to make certain it did not constitute an unreasonable hazard to highway travelers. The trial court refused, however, to give the requested instruction. Instead, it directed the jury to determine whether the area in which the incident occurred was rural or urban. If rural, appellees had no duty to inspect the tree and could be found negligent only if they had actual or constructive knowledge of the condition of the tree.
The jury unanimously found for appellees. They concluded the area of the incident was rural and appellees had no actual or constructive notice of the tree's condition. The trial court rejected appellant's motion for a new trial and entered judgment on the verdict. Appellant now appeals, setting forth the following single assignment of error:
 "The trial court refused to give the requested jury instructions to the effect that the defendants had a `duty to inspect' the planted trees growing within the public right-of-way and within the front yard of the house they owned."
Initially, appellees suggest that appellant waived her right to contest the jury instructions because she failed to object prior to the submission of the case to the jury. An objection of sorts was, however, entered by appellant's counsel when he responded to the court's inquiry concerning corrections to the charge by stating, "only as I previously mentioned."
Whether this is a sufficient objection to satisfy Civ.R. 51 (A) is not material to our consideration as a formal objection under the rule is unnecessary where the "* * * trial court has been fully apprised of the correct law governing a material issue in the dispute * * *." Presley v. Norwood (1973), 36 Ohio St.2d 29, paragraph one of the syllabus. Consequently, if appellant's proposed jury instruction correctly stated the law, no formal objection was necessary. Id. at 33; R.H. Macy Co. v. OtisElevator Co. (1990), 51 Ohio St.3d 108, 110.
It is the trial court's duty to give jury instructions which are a correct and complete statement of the law. Sharp v.Norfolk Western Railway (1995), 72 Ohio St.3d 307, 312; Marshallv. Gibson (1985), 19 Ohio St.3d 10, 12. In this matter, the trial court's charge with respect to appellees' duty to inspect was derived from the syllabus rule of Heckert v. Patrick (1984),15 Ohio St.3d 402 at paragraph one of the syllabus, which provides;
 "1. Although there is no duty imposed upon the owner of property abutting a rural highway to inspect trees growing adjacent to the roadway or to ascertain defects which may result in injury to a traveler on the highway, an owner having actual or constructive knowledge of a patently defective condition of a tree which may result in injury to a traveler must exercise reasonable care to prevent harm to a person lawfully using the highway from the falling of such a tree or its branches. (Hay v. Norwalk Lodge No. 730, B.P.0.E. [1951], 92 Ohio App. 14
[49 O.O. 189], approved and followed.)
Appellant, however, insists that the Supreme Court of Ohio tacitly overruled Heckert in Manufacturer's Nat'l Bank ofDetroit v. Erie Co. Rd. Comm. (1992), 63 Ohio St.3d 318, paragraph two of the syllabus, when it was held that
 "2. Where an abutting landowner or occupier uses the highway right-of-way in a manner inconsistent with a highway purpose, and where such usage constitutes an unreasonable hazard to users of the highway, the land owner or occupier may be liable for damages proximately caused by the improper use of the right-of-way."
Moreover, appellant argues, even if Manufacturer's did not directly overrule Heckert, it is applicable to this case because the tree that fell down grew on a public right-of-way rather than on appellees' own property. In Manufacturer's, the assertion was that corn grown by a farmer on land within a right-of-way caused an accident. In Heckert a tree growing on property adjacent to a highway fell onto the path of a motorcycle rider.
In our view it was not the intent of the Supreme Court of Ohio in Manufacturer's to overrule Heckert. We say this because there is no language in the opinion by which such an intent could be inferred. In fact, Manufacturer's cites Heckert
with favor for the proposition that an owner of property may generally use the land in any manner he or she pleases.Manufacturer's at 323.
More troublesome, however, is the right-of-way issue. Heckert
followed and approved our 1951 case, Hay v. Norwalk Lodge,supra. In that case we observed that,
 "* * * whether the tree is on the owner's premises or on the untraveled portion of the right-of-way is immaterial in Ohio since the owner of the fee retains the exclusive right to the trees growing thereon for all purposes not incompatible with the right-of-way." Id. at 20 (citation omitted).
Absent other indicia, this observation and the Supreme Court's apparent embrace of it in Heckert would be dispositive here. However, in Manufacturer's, the court specifically references Heckert and Hay, but nonetheless holds that the distinction between objects in the right-of-way and adjacent to it is significant. The court reasoned as follows:
 "As a general rule a possessor of land may use the land in any way that does not invade the rights of others. Heckert v. Patrick (1984), 15 Ohio St.3d 402, 403, 15 OBR 516, 517, 473 N.E.2d 1204, 1206; Hay v. Norwalk Lodge, B.P.O.E. (1951), 92 Ohio App. 14, 18, 49 O.O. 189, 191, 109 N.E.2d 481, 484
 "In this case, however, petitioners are seeking to hold respondent * * * liable for the use of land that was not under his exclusive control, i.e., land lying within the right-of-way. The right-of-way was appropriated for highway purposes and is under the control of the state or local authority.
"* * *
 "Growing crops in the right-of-way serves no highway purpose. Furthermore, if the crops obstruct a driver's vision in a way that creates a hazard to safe travel on the highway, the usage is inconsistent with the right-of-way's purpose. Again we make no factual determination with respect to whether the crops grown by [respondent] constitute such an obstruction. Nor do we impose any duty upon a landowner for obstructions to visibility located on the land that is not within the right-of-way.
"* * *
 "Accordingly we hold that where the abutting landowner or occupier uses the highway right-of-way in a manner inconsistent with a highway purpose, and where such usage constitutes an unreasonable hazard to the users of the highway, the landowner or occupier may be liable for damages proximately caused by the improper use of the right-of-way." Manufacturer's at 323-324 (some citations omitted. Emphasis in original).
On review of this language, we can only conclude that for objects placed in the right-of-way by adjacent landowners, the salient questions are: 1) is such an object inconsistent with a highway purpose, and 2) did the object constitute an unreasonable hazard to highway users? These are the questions that should have been addressed in this case and are, in substantial form, the questions appellant sought to raise in the proposed jury instructions. As the requested instructions represented a correct statement of the law, the trial court erred in failing to include them, at least in substance, in its charge to the jury. Accordingly, appellant's sole assignment of error is found well-taken.
Upon consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed. This matter is remanded to said court for a new trial. Costs to appellees.
JUDGMENT REVERSED.
 _______________________________ Peter M. Handwork, P.J.
 _______________________________ James R. Sherck, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.
[1] Appellant presented evidence that the tree that fell was a Norway Spruce which is not indigenous to this area. This, according to appellant, gives rise to an inference that the tree was planted by appellees or their predecessors.