JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Joann Brown appeals from the municipal court's adoption of a magistrate's decision that entered judgment in favor of plaintiff-appellee Mark Levine on his complaint for damages caused when a tree on Brown's property fell and caused damage to Levine's property. Brown argues that the court erred by refusing to consider her "affidavit of the testimony" and further erred by granting judgment to Levine.
 {¶ 2} A storm caused a tree on Brown's property to fall onto Levine's property, breaking his fence and coming to rest on the cover of his in-ground pool. Levine sought compensation under the rule set forth in paragraph one of the syllabus to Heckert v. Patrick (1985),15 Ohio St.3d 402:
 {¶ 3} "Although there is no duty imposed upon the owner of property abutting a rural highway to inspect trees growing adjacent to the roadway or to ascertain defects which may result in injury to a traveler on the highway, an owner having actual or constructive knowledge of a patently defective condition of a tree which may result in injury to a traveler must exercise reasonable care to prevent harm to a person lawfully using the highway from the falling of such tree or its branches. (Hay v. Norwalk Lodge No. 730, B.P.O.E., 92 Ohio App. 14 [49 O.O. 189], approved and followed.)"
 {¶ 4} The magistrate found that the subject tree had been located on Brown's property, that "[t]he tree had no leaves or bark and termite holes were *Page 4 
visible[,]" the "tree was sick enough that a reasonable person viewing it would notice that it was dangerous[,]" and that Brown did not take reasonable steps to ensure that the tree did not cause damage to Levine's property. As a result, the magistrate decided to award damages to Levine.
 {¶ 5} Brown filed objections to the magistrate's decision, offering an "affidavit of the testimony" in lieu of a transcript. The court adopted the magistrate's decision over Brown's objections, finding that she failed to support her objections with a transcript of the trial as required by Civ. R. 53(D)(3)(b)(iii) and that Brown made "no representation * * * that a transcript is unavailable." The court went on to find that "[d]efendant's affidavit is simply an assertion that there is no such testimony to support the magistrate's finding or a reiteration of defendant's testimony at trial. This affidavit is not persuasive."
 {¶ 6} Brown argues that the court erred by overruling her objections to the magistrate's factual findings on the basis that she failed to submit a transcript of the trial as required by Civ. R. 53(D)(3)(b)(iii).
 {¶ 7} Civ. R. 53(D)(3)(b)(iii) states in part: "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." *Page 5 
 {¶ 8} In her objections to the magistrate's decision, Brown attached an "affidavit of the testimony," saying that there was "no recorded testimony[.]" Brown did not elaborate on how she arrived at this conclusion. When preparing the record for appeal, Brown asked the court to prepare an App. R. 9(C) statement of the evidence. In response to that request, the court issued an order[1] stating:
 {¶ 9} "The court has received a request for an Appellate Rule 9(C) statement. The court has located the audio tapes on which appellant's trial was recorded. Appellant may engage a court reporter whom the court will appoint as the official reporter so that appellant may obtain a transcript of the proceedings for her appeal."
 {¶ 10} A court reporter prepared a transcript and filed it with this court.
 {¶ 11} Levine argues that we cannot consider this transcript because Brown did not show that it was unavailable at the time she filed her objections to the magistrate's decision. We agree. An appellate court is precluded from considering the transcript of a hearing submitted for the first time on appeal. *Page 6 State ex rel. Duncan v. Chippewa Twp. Trustees, 73 Ohio St.3d 728, 730,1995-Ohio-272; Natsis v. Natsis, Cuyahoga App. No. 80793, 2002-Ohio-7058.
 {¶ 12} We cannot, however, affirm the court's action on that basis. When Brown filed her objections to the magistrate's decision, her submission of an affidavit of evidence on grounds that "there is no recorded testimony" suggests that Brown would have used a transcript had one been available to her. The court's journal entry stating that it "has located the audio tapes" supports Brown's assertion that the tape recordings were unavailable to her at the time she filed her objections. The court's use of the word "located" suggests that it had to search for the tapes, thus leading to the inference that they were not readily available. Had the facts been otherwise and the tape recordings were readily available, it seems reasonable to conclude that the court would have stated so in more definite terms.
 {¶ 13} The discovery of these tape recordings blunts the court's stated basis for overruling Brown's objections. If the tapes were only located after the matter had been appealed, they were truly unavailable to Brown at the time she submitted her objections to the magistrate's decision. This is a matter for the court to decide in the first instance. We deem it prudent to remand this matter back to the court with instructions to determine whether the tape recordings were available to Brown at the time she submitted her objections to the *Page 7 
magistrate's decision. If they were unavailable, the court must allow Brown the opportunity to make new objections based on the trial transcript.[2] We therefore sustain the assignment of error.
 {¶ 14} This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellees her costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and ANN DYKE, J., CONCUR
[1] We are aware that Brown did not file a motion to supplement the record on appeal with the court's journal entry. Levine makes no challenge to the authenticity of that journal entry, so we take judicial notice of it. See Evid. R. 201(B); State ex rel. Coles v. Granville,116 Ohio St.3d 231, 2007-Ohio-6057, at ¶ 20.
[2] Levine maintains that even if we allow the transcript into the record on appeal, we could and should affirm the court's judgment. We decline to enter into substantive discussion of the assignments of error because the factual issues raised by Brown in her objections to the magistrate's decision are committed in the first instance to the discretion of the trial court. State ex rel. Duncan v. Chippewa Twp.Trustees (1995), 73 Ohio St.3d 728, 730. *Page 1